**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS O'KEEFE                : | |
|                        : | CIVIL ACTION |
|         Plaintiff,    : | |
|                        : | No.: 17-1979 |

THOMAS O'KEEFE                                  :

                                                :          CIVIL ACTION

                    Plaintiff,                  :

                                                :          No.: 17-1979

           v.                                   :

                                                :

ARAMARK MANAGEMENT                              :

SERVICES LIMITED PARTNERSHIP                    :

     and                                        :

UNIVERSITY OF PENNSYLVANIA                      :

                                                :

                    Defendant.                  :

                                                :

## <u>FIRST AMENDED CIVIL ACTION COMPLAINT</u>

Plaintiff, Thomas O'Keefe, by and through his undersigned counsel, hereby avers as follows:

## I.    <u>INTRODUCTION</u>

1.    Plaintiff has initiated this action to redress violations by Aramark Corporation and the University of Pennsylvania of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Commission ("PHRA"). Plaintiff was subjected to discrimination based on his advanced age and he suffered damages more fully described/sought herein.

## II.    <u>JURISDICTION AND VENUE</u>

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.    This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial

justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.   PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Aramark Management Services Limited Partnership (*hereinafter* "Defendant Aramark") is an entity with a location at the above-captioned address which provides food service, facilities and uniform services to hospitals, universities, school districts, stadiums and other businesses around the world, including the University of Pennsylvania (where Plaintiff physically worked).

9.      Defendant University of Pennsylvania ("Defendant UOP") is a university located in Philadelphia, Pennsylvania.

10.     Plaintiff physically worked at Defendant UOP in Philadelphia, PA for approximately 16 years and was placed there through various contractor service companies. However, even though he was paid through various contractor service companies during his tenure with Defendant UOP, he was still treated in all functional respects like an employee while working within Defendant UOP. For example, Defendant UOP's management had the ability recommend discipline to Plaintiff, give directive to Plaintiff, and have input in managerial decisions regarding Plaintiff's employment. Thus, for the foregoing reasons, Defendant UOP may be treated as a single and/or joint employer for purposes of the instant action.

11.     Prior to Plaintiff's separation from Defendant UOP, he was paid and employed by a company called SSC Service Solutions/Compass Group, USA, who placed him to work at Defendant UOP (as he had been working there under previous service contracts with Defendant UOP). In or about the Spring of 2016, Defendant Aramark became the new service contractor for Defendant UOP.

12.     When Defendant Aramark became the new service contractor for Defendant UOP, Defendant Aramark and Defendant UOP jointly made decisions regarding the continued employment of SSC Service Solutions/Compass Group, USA employees, including Plaintiff.

13.     Therefore, based on the foregoing, Defendant Aramark may be treated as a single and/or joint employer for purposes of the instant action.

14.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.   <u>FACTUAL BACKGROUND</u>

15.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16.     Plaintiff is a 65-year-old male.

17.     Since in or about the year 2000, Plaintiff was employed by various service contractors and placed to work at Defendant UOP.

18.     Plaintiff had physically worked at Defendant UOP for approximately 16 years (through prior contractors who had retained Plaintiff as an employee and allowed him to continue working at Defendant UOP), wherein he was given directive by Defendant UOP's management and wherein Defendant's UOP's management had input regarding managerial decisions pertaining to Plaintiff's employment.

19.     Towards the end of Plaintiff's employment with Defendant UOP, Plaintiff was employed with and was being paid by a service contractor company called SSC Service Solutions/Compass Group, USA; however, he was still physically working at Defendant UOP as a housekeeping supervisor.

20.     While employed as a housekeeping supervisor, Wendy Sparks – Director of Housekeeping for Defendant UOP – had input in employment decisions regarding Plaintiff and other employees of SSC Service Solutions/Compass Group, USA, including but not limited to assignments, directives, discipline, and termination.

21.     During the time period that Ms. Sparks was Director of Housekeeping (from in or about July of 2014 through Plaintiff's separation in or about June of 2016), Plaintiff, as well as other older employees, were subjected to hostility and animosity because of their advanced age, including but not limited to treating them in a rude and condescending manner, recommending

pretextual discipline, attempting to find reasons to terminate them, and belittling them. Plaintiff did not observe younger employees being treated in the same manner.

22.     In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

23.     Despite the fact that Plaintiff had been retained through multiple prior service contractors, he was not retained and/or hired by Defendant Aramark; however, younger employees, who held the same or similar job as Plaintiff, were retained. Further, younger individuals were also hired from outside of SSC Service Solutions/Compass Group, USA to fill vacant positions that older employees of SSC Service Solutions/Compass Group, USA used to hold.

24.     There were multiple other employees of SSC Service Solutions/Compass Group, USA who were over the age of 40 and were also not retained despite their skills, work ethic, and seniority.

25.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Service Solutions/Compass Group, USA when Defendant Aramark was awarded the service contract with Defendant UOP.

26.     Upon further information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when determining who to retain and/or hire.

27.     Plaintiff was terminated from Defendant UOP (due to Defendants' decision not to retain and/or hire him) on or about June 30, 2016.

28.     Upon information and belief, Plaintiff was replaced by a younger individual in her 20s.

29.    Plaintiff believes and therefore avers that he was terminated and/or not retained by Defendants because of his advanced age.

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**
**-Against Both Defendants-**

30.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full

31.    While employed with Defendant UOP under the supervision of Ms. Sparks, Plaintiff, and other older workers, were subjected to discriminatory treatment (discussed *supra*) because of their advanced age.

32.    In or about May of 2016, Plaintiff was informed that Defendant Aramark would be the new service contractor for Defendant UOP starting on or about July 1, 2016.

33.    In or about the Summer of 2016, Plaintiff was informed that he had not be retained and/or hired by Defendant Aramark to work at Defendant UOP and he was not provided with any logical or legitimate reason as to why he had not be retained and/or hire.

34.    There were multiple other employees of SSC Service Solutions/Compass Group, USA who were over the age of 40 and were also not retained despite their skills, work ethic, and seniority.

35.    Younger employees, who held the same or similar job, were retained and other younger individuals were also hired from outside SSC Service Solutions/Compass Group, USA to fill vacant positions that older employees of SSC Service Solutions/Compass Group, USA used to hold.

36.     Upon information and belief, Defendants did not consider seniority, discipline, or other neutral criteria when making decisions regarding who to retain and/or terminate from SSC Service Solutions/Compass Group, USA.

37.     Upon information and belief, Defendant UOP, specifically Ms. Sparks, directly participated in the Defendant Aramark's decision making process regarding who should be terminated and who should be retained from SSC Solutions/Compass Group USA when Defendant Aramark was awarded the services contract with Defendant UOP.

38.     After Plaintiff was officially separated from his employment with Defendant UOP (as a result of Defendants' discriminatory decision not to retain and/or hire him), he was, upon information and belief, replaced by a younger individual in his 20s.

39.     Plaintiff believes and therefore avers that he was not retained and/or hired with Defendants because of his advanced age.

40.     These actions as aforesaid constitute unlawful discrimination under the ADA.

**Second Cause of Action**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(Age Discrimination)**
**-Against Both Defendants-**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     The above referenced allegations also establish violations under the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Defendants are to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants; actions;

D.      Plaintiff is to be awarded liquidated damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s Christine E. Burke*

By: _____

Christine E. Burke, Esq.
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: July 27, 2017